REQUESTED BY: Paul Quinlan, Director, Nebraska Real Estate Commission, Lincoln, Nebraska.
1. Is it a violation of the Nebraska Real Estate License Act for a real estate licensee who receives a commission or rebate on goods and/or services obtained for a seller and paid for by said licensee not to disclose the commission or rebate to the seller?
2. Is it likewise a violation if said goods or services are obtained for the buyer and similarly not disclosed?
3. Is it similarly a violation if such a licensee fails to disclose to the buyer and seller that he or she is making a profit on the sale of title insurance attendant to a real estate transaction?
1. Yes, if the relationship between the licensee and the seller is such that the seller is the licensee's principal.
2. Yes, if the relationship between the licensee and the buyer is such that the buyer is the licensee's principal.
3. Yes.
Neb.Rev.Stat. § 81-885.24 (Supp. 1980) prohibits the holders of real estate licenses or certificates issued under §§ 81-885.01 to 81-885.47 from engaging in numerous unfair trade practices which are specifically identified. One of said unfair trade practices is described as `accepting, giving, or charging any undisclosed commission, rebate, or direct profit on expenditures made for a principal.' 81-885. 24(6).
It is obvious from a plain reading of the above language that the focus of this particular unfair trade practice is on those expenditures which a real estate licensee or certificate holder might appropriately make for a principal during the course of a real estate transaction. It seems clear to us that the objective of this particular language is to require than when a real estate licensee or certificate holder makes any such expenditure, said licensee or certificate holder cannot derive or give any kind of pecuniary benefit therefrom without disclosing it to the principal.
While the legislative history of this particular provision is scant, that which does exist would appear to confirm our interpretation. During the legislative hearing conducted after the introduction of this legislative provision in 1973, it was stated that the intent of the drafters with regard to the above-quoted language was to prohibit licensees from `making an undisclosed commission or profit or rebate off of our client's business.' LB 68, Laws 1973, Hearing before the Committee on Banking, Commerce and Insurance, January 23, 1973, p. 17. Considering this statement in light of the above-quoted provision, it is clear to us that the Legislature recognized that a real estate licensee or certificate holder becomes involved in a real estate transaction for a fee to perform certain services which often include occasional expenditures on behalf of the principal, such as to the purchase of title insurance, payment for assorted inspections, etc., in furtherance of completing the real estate transaction. While the statutes do not prohibit such a licensee or certificate holder from deriving additional pecuniary benefits from providing these particular services, the Legislature obviously intended that they be permitted only if disclosed.
The more difficult question implicit in your inquiries is one which is not subject to a definitive answer in view of the different kinds of arrangements made between buyers and sellers of real estate and their respective agents in different kinds of real estate transactions. The duty to disclose is owed to the licensee's principal.
Thus, the question becomes who is the principal, or principals, of an agent in any particular instance. This question will turn on the facts and circumstances surrounding the relationship of the parties in each case.